IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ALI MOORE,**

    *Plaintiff*,

v.

**HBO,** *et al.*,

    *Defendants*.

Civil No.: 1:25-cv-02237-JRR

## ORDER

Plaintiff Ali Moore, a self-represented litigant, filed a Complaint (ECF Nos. 1, 9) together with a Motion for Leave to Proceed *In Forma Pauperis* (the "Motions"). (ECF Nos. 2, 6, 8.) Because Plaintiff appears indigent, the Motions (ECF No. 6, 8) will be granted. However, for the reasons set forth below, Plaintiff's Complaint (ECF No. 1) will be dismissed.[1]

Plaintiff initiated this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits a litigant who is indigent to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Further still, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

Plaintiff brings this "civil rights and federal tort action" against "Defendants HBO (Home Box Office, Inc.), Warner Bros. Discovery, Inc., the creators and producers of the series "Velma",

---

[1] This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

the New York City Police Department (NYPD), certain unidentified NYPD officers, the Central Intelligence Agency (CIA), and certain unidentified CIA agents."[2] (ECF No. 1 at p. 1.) Plaintiff alleges that Defendants "conspired and collaborated to harass, intimidate, and unlawfully deprive Plaintiff of rights guaranteed under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as federal statutes including the Civil Rights Act of 1866, the Civil Rights Act of 1871 (Ku Klux Klan Act), the Civil Rights Act of 1964, and the Federal Tort Claims Act." *Id.* This campaign involved "unlawful surveillance, public defamation through media broadcasts and the streaming of 'Velma,' harassment, and intimidation designed to damage Plaintiff's reputation and mental well-being." *Id.* at p. 2.

Plaintiff's Complaint consists almost entirely of conclusory assertions and fails to set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). He offers no factual allegations in support of his claims, and the court is unable to discern the basis of same. With no such basis, Plaintiff's Complaint fails to state a claim upon which relief may be granted.[3] Accordingly, it is this 4th day of August 2025,

**ORDERED** that the Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* (ECF No. 6, 8) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiff's Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case and furnish a copy of this order to Plaintiff.

---

[2] It is not apparent that Plaintiff even intended to initiate this action in this court, as he notes that venue is proper in the Southern District of New York, not this court. (ECF No. 1 at p. 2.)
[3] Moreover, because Plaintiff offers no factual basis for his claims, his claims that these Defendants unlawfully surveilled and publicly defamed him are factually frivolous for irrationality, meaning they appear "fanciful," "fantastic," or "delusional." *See, e.g.*, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

/S/
_____
Julie R. Rubin
United States District Judge